MODIFIED OPINION ON MOTION FOR REHEARING
MYERS, J.
for the Court.
¶ 1. The motion for rehearing is granted. The original opinions are withdrawn, and the following opinions are substituted. The Chancery Court of Jackson County reversed and rendered the Mississippi Commission on Marine Resource’s (Com *650 mission) decision to deny the Browns’ request for a wetlands permit. Aggrieved by this result, the Mississippi Department of Marine Resources (Department) appeals the lower court’s ruling and requests our review of the following issue:
I. DID THE CHANCERY COURT ERR IN REVERSING AND RENDERING THE DECISION OF THE COMMISSION ON MARINE RESOURCES?
STATEMENT OF FACTS
¶ 2. This case evolved from Sydney and Stephanna Brown’s request for a wetlands permit. The Browns own a parcel of property in Jackson County located on Bayou Heron road. In October 1999, the Browns submitted an application to the Department requesting permission to fill approximately 1.64 acres of tidal marsh consisting primarily of Juncus grass. Approximately 7,937 cubic yards of fill was necessary to alleviate erosion, to accommodate public parking for fishermen, and to develop an on-site bait camp. In addition, the Browns requested permission to add 200 feet to an existing pier.[1]
¶ 3. The Browns submitted their application but the Department requested additional information. Pursuant to this request, the Browns hired a consultant to conduct an environmental assessment. The Browns also were required to submit a mitigation proposal, cross-sectional drawings of the area to be permitted, and additional permit fees of $450 for processing a commercial application.
¶ 4. The Department reviewed the Browns’ completed application along with comments from members of the public and other interested governmental and nongovernmental entities. Department scientists and staff members also conducted a site visit to inspect the property. After reviewing all of the information, the Department prepared a report recommending the denial of the Browns’ application. The Commission, which is the reviewing body designated to decide whether to grant or deny permit applications, conducted a coastal ecology meeting where the Browns’ proposal was discussed. John Cirino, the Browns’ environmental consultant, argued on their behalf. Becky Gillette argued in opposition of the proposed project on behalf of the Sierra Club.
¶ 5. The Commission stated that it had never allowed the direct filling of Juncus grass in the past, and found the public’s interest in additional public boat launch facilities was unjustified since there were already two existing boat launches in the immediate area. Finally, the Commission considered the Browns’ proposal as a commercial activity that would jeopardize the preservation of the adjoining wildlife reserves.[2] As a result, the Commission unanimously voted to deny the Browns’ application. Three days later, a letter was mailed to the Browns notifying them as to the Commission’s decision. The letter stated that “[biased upon the findings, the DMR found that this project would severely impact coastal resources and alteration of coastal wetlands at this site would be permanent and would not serve a higher public interest as required by Mississippi Code § 49-27-3.” The Browns filed a petition for reconsideration which was denied at the Commission’s next meeting.
*651 ¶ 6. Aggrieved, the Browns brought suit in the Chancery Court of Jackson County which acted in an appellate capacity in reviewing the Commission’s decision. After reviewing briefs and hearing oral arguments from both sides, the lower court reversed and rendered the Commission’s decision.
¶ 7. The chancellor found that the Commission had failed to provide feasibility studies or inspection reports from the premises as required by applicable law, and failed to provide any findings of fact or conclusions of law regarding adverse impacts on the property. In addition, the chancellor found that the Commission failed to consider the 416 signatures and 51 letters from the general public which illustrated the need and desire to have the type of public use for this area which would result from the Browns’ project. The chancellor found that the Browns’ due process rights were violated because the Department failed to timely inform them that their application was denied. Finally, the chancellor found that only one-third of an acre of the Browns’ property was within the wetlands and subject to the Department’s jurisdiction; thus, the Commission confiscated and deprived the Browns of the legal use of their land. The Commission filed a motion for reconsideration disputing those findings but it was denied.
¶ 8. The Department appeals to this Court arguing that the chancellor did not adhere to his standard of review in reversing and rendering the decision of the Commission. We find that the proper disposition would have been to remand the case to the Commission to enter an order with proper findings of fact and conclusions of law. As a result, we reverse and remand the ruling of the lower court.
LEGAL ANALYSIS
I. DID THE CHANCERY COURT ERR IN REVERSING AND RENDERING THE DECISION OF THE COMMISSION ON MARINE RESOURCES?
¶ 9. “The commission shall state, upon its record, its findings, and reasons for all actions taken pursuant to Sections 49-27-23 through 49-27-37.” Miss.Code Ann. § 49-27-35 (Rev.2003). “When a permit is refused, the commission shall describe the' public interest which would be adversely affected by granting the permit.” Id. An appeal may be taken by an applicant aggrieved by the denial of a permit. Miss. Code Ann. § 49-27-39(a) (Rev.2003). The chancery court is authorized to hear such an appeal and “[i]f the court finds that the order appealed from is supported by substantial evidence, consistent with the public policy set forth in this chapter, is not arbitrary or capricious and does not violate constitutional rights, it shall affirm the council’s order.” Miss.Code Ann. § 49-27-39(b) (Rev.2003). The chancery court is also authorized to grant, deny, revoke, suspend or place a condition on any permit. Miss.Code Ann. § 49-27-47 (Rev.2003).
¶ 10. In the instant case, however, the chancellor’s final ruling found the record “devoid of any findings of fact, feasibility study or inspection report of premises as required by the rules, statutes and regulations applicable to this type of proceeding.” The chancellor went on to state that the Department “should have made specific findings of facts and conclusions of law as to any adverse impact on the property it had jurisdiction of as required by § 49-27-45 of the Mississippi Code.” Furthermore, the chancellor stated during oral arguments that “the record is made at this point that there is a great deal lacking in this record as to why [the Commission] did what they did.”
*652 ¶ 11. The Department argues that once the chancellor found that the record was “devoid of any findings of fact” as to certain issues, the sole remedy at that point was to remand the case back to the Commission. In support of this argument, the Department directs our attention to the relevant statutory provision which states:
If, upon hearing such appeal, it appears to the court that any testimony has been improperly excluded by the commission or that the facts disclosed by the record are insufficient for the equitable disposition of the appeal, it shall refer the case back to the commission to take such evidence as it may direct and report the same to the court with the commission’s findings of fact and conclusions of law.
Miss.Code Ann. § 49-27-45 (Rev.2003). (emphasis added).
¶ 12. Our interpretation of this statute leaves the chancellor with no discretion to render a decision when he has already determined that the record is devoid of any such findings of fact. A great deal of information seems to have been compiled by the Department including the petitions and signatures in support of the Browns’ project so we disagree with the chancellor’s finding on that point. In addition, the Commission’s record does contain a field inspection report and there is no requirement for feasibility studies under the Coastal Wetlands Protection Act.
¶ 13. The Department and its Commission are the most qualified and the most experienced at weighing the pros and cons of each proposal to alter the coastal wetlands. Inevitably, there will be evidence to the contrary along with public support and opposition. As a result, a great deal of deference is afforded to the Department especially with regards to the interpretation of its own regulations. Bay St. Louis Cmty. Ass’n v. Comm’n on Marine Res., 808 So.2d 885, 888 (¶ 8) (Miss.2001); Concerned Citizens to Protect the Isles and Point, Inc. v. Miss. Gaming Comm’n, 735 So.2d 368, 380 (¶ 31) (Miss.1999).
¶ 14. However, in the instant case, the Department’s order was purely perfunctory and gave the chancellor no understanding of the basis of its decision. We find it impossible for the chancellor to correctly apply Mississippi Code Section 49-27-39(b) in this case without sufficient findings of fact and conclusions of law.
¶ 15. If the Commission has not provided enough information for the chancellor to review the decision, then the chancellor must request what is missing and the Commission must provide it. As a result, we remand the case to the Commission to enter an order with proper findings of fact and conclusions of law. We refrain from reviewing the merits of the Browns’ constitutional claims in light of our decision to remand the case.
¶ 16. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
KING, C.J., BRIDGES, P.J., THOMAS, IRVING AND CHANDLER, JJ„ CONCUR.
SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND GRIFFIS, JJ.

. In 1988, the Browns' requested and were granted a wetlands permit. Permit (BMR-M8702189-L) authorized the construction of a concrete boat ramp and two piers. However, one pier was never completed.

. The Grand Bay National Wildlife Refuge and the Grand Bay National Estuarine Research Reserve are located in the immediate vicinity.